IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| GEORGE M. CANTU JR., | § § § | |
| **Plaintiff,** | § § | CIVIL ACTION NO. 6:22-CV-00202-JCB |
| v. | § § § | |
| PENNIE KEMPT, UNKNOWN HOFFNER, EX. LIEUTENANT; UNKNOWN HEFFNER, MAJOR OR ASST. WARDEN; COURTNEY CHUNG, MICHAEL UNIT; AND ALICIA ALANIZ, | § § § § § | |
| **Defendants.** | | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

Plaintiff George M. Cantu, Jr. is an inmate currently incarcerated at the Texas Department of Criminal Justice ("TDCJ") Terrell Unit. This case was referred to the undersigned for findings of fact, conclusions of law, and recommendations for the disposition of the action. (Doc. No. 3.) For the reasons stated herein, the court **RECOMMENDS** that this action be dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

### BACKGROUND

On May 26, 2022, proceeding pro se and *in forma pauperis*, Plaintiff filed this action pursuant to 42 U.S.C. § 1983 against Defendants Alicia Alaniz, Courtney Chung, Unknown Heffner, Unknown Hoffner, and P. Kempt. (Doc. No. 1.) On June 10, 2022, the court consolidated Plaintiff's complaint in Cause No. 6:22cv212, where he had asserted similar claims of attacks on him and his family members and of money being embezzled, with the above-captioned civil action. (Doc. No. 4.) In his consolidated action, he sued Unknown O'Penume, Dale Wainwright, OIG

1

Lonnie LaFayet Liannet, L.V.N. Monroe Jones Johnson, Major B.A. Heffner, and Unknown Hoffman. *Id.* Upon consolidation, the court reviewed the entirety of Plaintiff's pleadings. (Doc. No. 34.) The court issued an order informing Plaintiff that his allegations lacked specificity and failed to set forth any coherent basis for a meritorious claim. *Id.* at 2. As a result, the court ordered Plaintiff to file an amended complaint on the court's standard § 1983 form within 30 days of the receipt of the court's order addressing the deficiencies outlined in the court's order. *Id.* On August 10, 2023, Plaintiff filed an amended complaint using the court's standard § 1983 form essentially as a cover page while attaching additional pages of freehand pleadings. (Doc. Nos. 37, 37-1, 37-2, 37-3.)

### A.  Plaintiff's Complaint

The Fifth Circuit has held that an amended complaint supersedes the original and renders it of no legal effect unless it specifically refers to and adopts the original, which Plaintiff's amended complaint does not. *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). In his amended complaint, Plaintiff sues Burt Heffner, Courtney Chung, Alicia Alaniz, John Doe, and Lieutenant Hoffman for alleged abuse "beatings, rape, injection" from 2015 to 2023, as well as Defendant Charles Meador II for abuse from 2015 to 2023. (Doc. No. 37, at 3.) Plaintiff asks for institutional checks in relief. *Id.* In his attached pleadings, Plaintiff goes on to allege that he is suing Defendants for violations of his "Fourth, Eighth, and Fourteenth Amendment Rights" and for unlawfully seizing and misappropriating funds that he inherited from his deceased mother. (Doc. No. 37-1, at 2–3.) Plaintiff specifically alleges that Defendant Meador interfered with his mother's estate. *Id.* at 4. Plaintiff alleges that all Defendants, including unknown individuals, conspired to deprive him of receiving his mother's inheritance by wrongfully intercepting checks. *Id.* at 5.

Plaintiff alleges that Warden Kempt was the Warden of the Michael Unit and he was responsible for training and supervision and controls the employees employed at the Michael Unit. *Id.* at 3. Though difficult to discern, it appears that Plaintiff is alleging that Defendants have been involved in a large conspiracy to inject prisoners with various diseases such as HIV and cancer cells. *Id.* at 4. Plaintiff further alleges that Defendants have been involved in a scheme to sell videos from prison involving sodomy. *Id.*

Plaintiff alleges that Defendants Meador, Odom, Anderson, and Heffner are involved in the KKK, engage in white supremacy, and have kept his family members from being allowed to visit prison. (Doc. No. 37-2, at 1.) He makes further allegations of "sexual assault," "fraud," and "extortion." *Id.* Plaintiff alleges that prison officials had made false accusations that he died in prison, embezzled his money, tried to kill his brother, raped his sister, and generally engaged in white supremacy. *Id.* at 2. Plaintiff alleges that Defendant Heffner has been convicted of murder of a minority inmate. *Id.* Plaintiff's allegations continue on for many pages regarding his theories of rape, sodomy, murder, extortion, fraud, and abuse by prison officials. *Id.* at 4–12; Doc. No. 37-3.

## LEGAL STANDARD

Under 28 U.S.C. § 1915A, a court shall review, before docketing if feasible or in any event as soon as practicable after docketing, any complaint in a civil action wherein a prisoner seeks redress from a governmental entity or officer, or employee of a governmental entity. During its review, the court must identify cognizable claims or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1). Section 1915A applies regardless of whether the plaintiff has paid a filing fee or is proceeding IFP. *See Martin v. Scott*, 156 F.3d 578, 579 (5th Cir. 1998) ("The plain

language of [§ 1915A] . . . indicates that it applies to any suit by a prisoner regardless of whether that prisoner is or is not proceeding IFP.").

A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim has factual plausibility when the pleaded factual content allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *See Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard is not akin to a probability standard; rather, the plausibility standard requires *more than the mere possibility* that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556 (emphasis supplied). All well-pleaded facts are taken as true, but the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Whatley v. Coffin*, 496 F. App'x 414 (5th Cir. 2012) (unpublished) (citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Crucially, while the federal pleading rules do not require "detailed factual allegations," the rule does "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id.*

Moreover, a complaint is frivolous if it lacks an arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). The Fifth Circuit has held that a complaint lacks an arguable basis in fact when "the facts alleged are fantastic or delusional scenarios or the legal

4

theory upon which a complaint relies is indisputably meritless." *Id*. (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (internal quotation marks omitted)). In other words, during the initial screening under section 1915A, a court may determine that a prisoner's complaint is frivolous if it rests upon delusional scenarios or baseless facts—and dismiss the complaint. *See Henry v. Kerr County, Texas*, 2016 WL 2344231 *3 (W.D. Tex. May 2, 2016) ("A court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, fanciful, fantastic, delusional, or otherwise rise to the level of the irrational or the wholly incredible, regardless of whether there are judicially noticeable facts available to contradict them.") (citing *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)).

## DISCUSSION

Though difficult to understand, Plaintiff alleges a variety of extreme allegations against prison officials for rape, sodomy, murder, extortion, fraud, and abuse. Plaintiff has further alleged fanciful schemes involving the filming and selling of prison acts of violence and the interference with money he was alleged to be receiving from his mother's estate. Construed liberally, Plaintiff appears to be alleging that prison officials were deliberately indifferent to his safety through their alleged behavior directed at him in violation of the Eighth Amendment. However, even taking Plaintiff's allegations as true, a number of aspects of his claims are so implausible on their face as to rise to the level of the irrational or wholly incredible, and thus are factually frivolous. *See Ancar v. Sara Plasma, Inc*., 964 F.2d 465, 468 (5th Cir.1992). For example, Plaintiff alleges that Defendants have engaged in the purposeful injection of diseases such as HIV and cancer. Plaintiff alleges that Defendant Heffner has been convicted of murder of a minority inmate. Plaintiff further alleges numerous conspiracy theories regarding embezzlement and prison film production

5

involving sodomy. Notably, Plaintiff alleges that these offenses have been carried out for over eight years.

These allegations fail to state a claim and are factually frivolous. *See Starrett v. United States Dep't of Def.*, 763 F. App'x 383, 383–844 (5th Cir. 2019) (affirming dismissal of "outlandish claims of near-constant surveillance, theft of intellectual property, and painful remote communication accomplished using nonexistent technology" brought against "a wide variety of government agencies and private companies" because the "pleaded facts are facially implausible"); *Gary v. U.S. Gov't*, 540 F. App'x 916, 916-918 (11th Cir. 2013) (affirming dismissal of complaint as frivolous where plaintiff alleged that government officials implanted microchips in her body that caused her injury and pain). Courts that have already dismissed similar claims from Plaintiff have suggested as much. *Sampson v. Davidson Inventor Serv.*, 2019 WL 1932432, at *2 (holding that Plaintiff's allegations about his inventions were not "'plausible' pursuant to the requirements of *Twombly*"); Order and Report and Recommendation at 4–5, *Sampson v. Gray*, No. 4:19-090 (finding Plaintiff's allegations about his inventions to be "outstandingly frivolous" and "fanciful nonsense"); *Lewis v. Country of Russia*, No. 4:18-00124, 2019 WL 2246574, at *3 (E.D. Tex. Apr. 1, 2019), *report and recommendation adopted*, No. 4:18-CV-124, 2019 WL 2225358 (E.D. Tex. May 23, 2019).

To be clear, Plaintiff's allegations are very difficult to understand given that they are not articulated in complete sentences, words have been cut off from pages, they follow no clear timeline of events, and they span numerous handwritten pages. Plaintiff's allegations are largely repetitive cursory allegations of the same accusations against prison officials. Plaintiff only briefly characterizes these allegations in terms of violating his Fourth, Eighth, and Fourteenth Amendment rights. As discussed, at best the allegations might be construed as an alleged violation of the Eighth

Amendment due to deliberate indifference. However, deliberate indifference "is an extremely high standard to meet." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Crucially, in order to show that prison officials were deliberately indifferent to a prisoner's need for protection, the prisoner must prove "that the official *actually knew* of a substantial risk of serious harm and *failed to act*." *Adeleke v. Heaton*, 352 F. App'x 904, 907 (5th Cir. 2009) (per curiam) (unpublished) (emphasis added). Here, Plaintiff's conclusory allegations regarding pervasive abuse fail to meet this standard. Furthermore, Plaintiff has alleged some of these aggrievances on behalf of his family members. Appearances in federal court are governed by 28 U.S.C. § 1654, which only permits parties to "plead and conduct their own cases personally or by counsel." Thus, while an individual may proceed pro se in civil actions in federal court, those not licensed to practice law may not represent the legal interests of others. *Id.*; *see also Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978). Plaintiff, proceeding pro se, cannot engage in the unauthorized practice of law by bringing claims on behalf of other individuals. Moreover, Plaintiff has not pleaded any allegations to establish "next friend" status on behalf these individuals and "individuals not licensed to practice law by the state may not use the 'next friend' device as an artifice for the unauthorized practice of law." *Weber*, 570 F.2d at 514.

To the extent Plaintiff has intended to assert a violation of his Fourth Amendment or Fourteenth Amendment rights, the court fails to discern a plausible basis for those claims from his pleaded allegations. Plaintiff has failed to allege a factual basis for which the named Defendants could be sued pursuant to § 1983 and has failed to meet the requirements of Rule 8. *See Douthit v. Jones*, 619 F.2d 527, 532 (5th Cir. 1980) ("[t]o establish a cause of action under § 1983, [] a party must [] show that the defendant, while acting under color of law, deprived him of a right secured by the Constitution and laws of the United States") (internal quotations omitted); *see Twombly*,

550 U.S at 545 (interpreting Rule 8); *see also Iqbal*, 556 U.S. at 684–85 (applying *Twombly* generally to civil actions pleaded under Rule 8).

Finally, Plaintiff's allegations largely rest on general conspiracy theories amongst prison officials. The Fifth Circuit has stated that specific facts must be pleaded when a conspiracy is alleged. *Hale v. Harney*, 786 F.2d 688, 690 (5th Cir. 1986). In pleading these specific facts, Plaintiff must allege the operative facts of the alleged conspiracy. *Lynch v. Cannatella*, 810 F.2d 1363, 1369–70 (5th Cir. 1987). "Bald allegations that a conspiracy existed are insufficient." *Id.* Under § 1983, a claim for conspiracy must allege (1) an agreement between private and public defendants to commit an illegal act, and (2) a constitutional deprivation. *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994). Plaintiff's allegations against Defendants fail to meet these standards.

Having conducted screening pursuant to § 1915A, the court finds that this action should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) as frivolous and for failure to state a claim. As Plaintiff has already been given an opportunity to amend and has pleaded his "best case," any further amendment would be futile. *See Norman v. Tex. Court of Criminal Appeals*, 582 F. App'x 430, 431 (Mem) (5th Cir. 2014) (unpublished); *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009). The dismissal of this action counts as a qualifying dismissal under 28 U.S.C. § 1915 and *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996) *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 534–41 (2015).

## CONCLUSION

For the reasons discussed herein, the court **RECOMMENDS** that this action be dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b)(1) as set forth herein.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A

party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen (14) days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United States Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

**So ORDERED and SIGNED this 29th day of August, 2023.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE